IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00121-CV

 

In re
Audrey Renee Hughes

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            After the trial court denied her motion to transfer the underlying
suit (a motion to modify filed by real party Craig Davidson in a SAPCR) to
Rockwall County, Relator Audrey Hughes filed this original proceeding, alleging
that the trial court abused its discretion because the children principally
resided in Rockwall County during the six months preceding the underlying
suit.  See Tex. Fam. Code Ann.
§ 155.201(b) (Vernon Supp. 2006).  Before the filing of Hughes’s motion to transfer,
Davidson had filed the underlying motion to modify and served Hughes by
substituted service.  When Hughes did not timely answer, the trial court appointed
an attorney ad litem for her and, upon hearing Davidson’s motion, entered a
July 14, 2006 order removing Hughes as a joint managing conservator and
appointing Davidson as sole managing conservator.

            Hughes then answered and filed a
motion for new trial, and on September 11, 2006, the trial court entered an
agreed order granting Hughes’s motion for new trial, but that agreed order did
not expressly address the July 14 order.  On October 4, Hughes filed her motion
to transfer, along with her “Original Counterpetition in Suit Affecting the
Parent-Child Relationship,” which Davidson alleges was not properly served.

            After Hughes brought this original
proceeding for a writ of mandamus, Davidson filed a nonsuit of his motion to
modify, which the trial court granted.  Davidson contends that this proceeding
is moot because no live pleading exists in the trial court; he alleges that
Hughes’s counterpetition does not affect the mootness because it was not
properly served.

            Based on the record provided by the
parties, we are unable to ascertain whether there exists an underlying suit
that is subject to section 155.201(b).  Nor are we able to ascertain what
effect, if any, the September 11 agreed order had on the July 14 order.  For
these reasons, we deny the petition for writ of mandamus without prejudice.

 

 

 

                                                                                    BILL
VANCE

                                                                                    Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Chief
Justice Gray concurs in the judgment only without a separate opinion.)

Petition
denied

Opinion
delivered and filed August 1, 2007

[CV06]